**TUFONO IONATANA, Plaintiff**

**v.**

**VAEAO SOLIPO, MOAMOA VAEAO, TIPI LAUTOA, SASA MALEPEAI, and LELA SAVALI, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 27-88

November 21, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Utu Sinagege R.M.
For Defendants, Gata E. Gurr

On Motion for Summary Judgment:

Plaintiff Tufono Ionatana seeks a permanent injunction against the defendants to enjoin them from interfering with his family's use of the land "Milomilo" and to enjoin defendants' encroachment on said land.

Defendants are various individuals alleged as living "immediately adjacent to Plaintiff's land MILOMILO, a couple of their dwelling[s] actually [having] overlapped onto plaintiff's land." Complaint paragraph 4. Plaintiff also complains that defendants have at different times interfered with his family's use and enjoyment of "Milomilo," which numerous court decisions have affirmed as being owned by the Tufono family. Plaintiff seeks a permanent injunction.

In order to delimit the issues in this matter, the Court required the parties to either provide pre-trial briefs on past court decisions or, alternatively, to seek summary judgment where appropriate.

Plaintiff has responded by way of a lengthy motion for summary judgment addressing only the question of ownership. After reviewing the cases referred us by the parties, we find ourselves in agreement with plaintiff's claim that his family was awarded title to a certain 2.59 acre tract of land known as "Milomilo," located in the village of Fagatogo. See Tufono v. Ta'amu, LT NO. 06-1984 (1984).

In so concluding, we necessarily reject defendants' argument to the effect that the decision in LT NO. 06-1984 is not binding on them since they --- as members of the Fa'agata family --- were not privy to those proceedings. The defendants are bound by the decision in Tufono v. Ta'amu. This particular matter was referred to the Land and Titles Division as a contested registration application pursuant to A.S.C.A. § 37.0104. Tufono there attempted to register title to the subject land pursuant to the provisions of A.S.C.A. §§ 37.0101 et seq. The only objector to the offer for registration was the Ta'amu family. The Fa'agata family, by failing to object to Tufono's offer of registration, cannot now complain. Puluti v. Muliufi, 4 A.S.R. 672, 674 (1965). Registration proceedings pursuant to A.S.C.A. §§ 37.0101 et seq. have in rem effect. Molitui v. Pisa, 2 A.S.R. 268, 270 (1947).

The Fa'agatas, and indeed the rest of the world, are therefore bound by the decision in Tufono v. Ta'amu, LT NO. 06-1984 (1984). Partial summary judgment against the defendants may accordingly enter on the issue of established ownership.

To obtain an injunction as a matter of summary judgment, the plaintiffs would of course have to show that no material question of fact exists. T.C.R.C.P. Rule 56. Tufono's motion fails on at least two critical points. First, he alleges that the defendants have committed several acts of actual or near violence. This is the reason his family

48

seeks an injunction. The defendants deny this in paragraph 4 of their Answer. This alone raises a material question of fact. Secondly, plaintiff's pleadings do not specify the exact location of defendants' interference or overlap beyond stating that it is within "Milomilo." No reference to any survey or map is made. To prevail, plaintiff must establish that such interference or overlap is within "Milomilo" as that tract of land is known in LT NO. 06-84.

Additionally, we note from the exhibits in *Tufono v. Ta'amu*, LT NO. 06-84, particularly plaintiff's exhibit No. 1, that Tufono's survey of "Milomilo" upon which judgment was based actually traversed through what look like existing structures. If indeed these are instances of asserted overlapping, then any permanent injunctions would necessarily give rise to equitable considerations "to avoid economic waste or unjust enrichment." *Atofau v.Lopa*, 2 A.S.R.2d 45, 47 (1985).

Summary judgment is denied. Partial summary judgment is granted.

It is so Ordered.